IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARK GERAGHTY WONDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:12cv514-WKW |
| | ) |
| ANTHONY CRUTCHFIELD, Major General, | ) |
| and JAMES MUSKOPF, Colonel, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

After striking his first amended complaint for failure to comply with the court's previous order, the court allowed plaintiff until March 21, 2013, to file an amended complaint "setting forth his claim as required by Fed. R. Civ. P. 8" and as specified in the previous order.  (Docs. ## 36-38).  Plaintiff filed a second amended complaint thereafter, seeking the court's review of the defendants' action in barring plaintiff from entering Fort Rucker "in accordance with the Administrative Procedure Act (5 U.S.C. § 701-708) to determine if it was made in an arbitrary and capricious manner, supported by substantial evidence, or warranted by the facts[.]"  (Doc. # 39, ¶ 3).  This action is presently before the court on the motion to dismiss filed by the defendants on April 4, 2013 (Doc. # 42).  Upon consideration of the motion, the court concludes that it is due to be granted, and this action is due to be dismissed for lack of subject matter jurisdiction.

## Plaintiff's Claim

In his second amended complaint, plaintiff alleges:

On September 7, 2010, former Fort Rucker Garrison Commander (Colonel) James Muskopf, after receiving consultation and approval from former Fort Rucker Commanding General Major General Anthony Crutchfield, issued a bar to Fort Rucker against the Plaintiff. As Installation and Post Commanders, both Muskopf and Crutchfield, respectively, are liable, in their official capacities, to order individuals barred from Fort Rucker. In Muskopf's letter, he stated the action was taken because the Plaintiff "... threatened the security, order, and discipline of the installation by misusing a government computer and distributing controlled classified information (FOUO) via email to your home email address and commercial union address," and because "upon notice that your security clearance was suspended, you created a disturbance in the security office with behavior that was aggressive, intimidating, and threatening in nature. This is not the first instance of aggressive behavior on your part. Your history of aggressive behavior towards employees at Fort Rucker is detrimental to the good order and discipline of the installation and make you a threat to the security, safety and well-being of persons on Fort Rucker."

(Id., ¶ 2). Plaintiff further alleges:

The Plaintiff has amassed an overwhelming amount of counterevidence against this action that flies in the face of this decision, including evidence that plaintiff did not threaten anyone, did not intentionally distribute controlled unclassified information, and, most importantly, that the stated claim that the Plaintiff has a history of aggressive behavior cannot be supported. This evidence includes the Agency's own documents, signed statements and affidavits, sworn testimony from Muskopf taken from official transcripts, an Administrative Law Judge decision relating to this action, and proof of Fort Rucker's lack of any policy barring individuals.

(Id., ¶ 3). Plaintiff alleges that he "is the only individual ever barred from Fort Rucker over a Personally Identifiable Information (PII) infraction, and without ever being charged with an offense" and that "Muskopf and Crutchfield's evidence used in this bar decision – when compared to the Plaintiff's documents" – fails to satisfy the substantial evidence test. (Id., ¶¶ 4-5).[1]

_____

[1]   In his response in opposition to the motion to dismiss, plaintiff makes additional allegations of fact not included in his second amended complaint. (Doc. # 44). While the court will

**Motion to Dismiss**

Defendants move for dismissal pursuant to Rule 12(b)(1) for lack of jurisdiction. They argue that plaintiff has failed to allege a basis for federal jurisdiction as required by Rule 8(a)(1) and that the Administrative Procedure Act is not a jurisdiction-conferring statute. Defendants further contend that plaintiff's claim does not fall within the APA's judicial review provisions because the challenged action is committed to agency discretion by law, as there is no "law to apply," in this case – *i.e.,* no meaningful standard against which to measure the installation commander's exercise of discretion. Defendants contend that – even if this court has jurisdiction to entertain plaintiff's claim – it is due to be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**Discussion**

On defendants' facial challenge to subject matter jurisdiction, the court accepts the facts alleged in the complaint as true and examines the complaint to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. McElmurray v. Consolidated Government of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007); Willett v. U.S., 2013 WL 105770 (M.D. Ala. Jan. 9, 2013). "To establish jurisdiction, the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction

---

consider plaintiff's argument, it will not consider the new allegations of fact included within his response to the motion to dismiss. Plaintiff may not amend his complaint through argument in his responsive brief, as this court indicated in its earlier recommendation. (See Doc. # 33, p. 26; see also Doc. # 36, ¶ 8 (order directing that amended complaint must include a short and plain statement of the facts giving rise to the claim for relief)).

depends." Gilmore v. Director, U.S. Department of Labor, Office of Workers Compensation,

455 Fed. Appx. 934, 935 (11th Cir. 2012)(citations and internal quotation marks omitted);

"Although [the court] liberally construe[s] *pro se* pleadings, *pro se* litigants nonetheless are

required to abide by procedural rules." Id. Additionally, "[t]his liberal construction ... does

not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise

deficient pleading in order to sustain an action." Rivero v. Taylor, 465 Fed. Appx. 839, 840

(11th Cir. 2012)(citation and internal quotation marks omitted).

Under the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief

must contain ... a short and plain statement of the grounds for the court's jurisdiction, unless

the court already has jurisdiction and the claim needs no new jurisdictional support." Fed.

R. Civ. P. 8(a)(1). In his second amended complaint, plaintiff alleges that, "[i]n accordance

with Fed. R. Civ. P. 8(a)(1), no short and plain statement of the grounds for the court's

jurisdiction is required as this COURT already holds jurisdiction." (Doc. # 39, ¶ 1). Plaintiff

is incorrect. While the court had jurisdiction over the due process *Bivens* claims asserted in

plaintiff's original complaint, those claims were dismissed. In its order directing plaintiff to

file an amended complaint, the court indicated that it would not permit "incorporat[ion] [of]

any portion of plaintiff's original complaint – or any other document – by reference," and

mandated that the amended complaint should include *all* of the claims that plaintiff intends

to pursue in this action. (Doc. # 36, ¶¶ 2, 12). In short, the second amended complaint must

stand on its own.

The court will not dismiss the complaint on the basis of the *pro se* plaintiff's failure

to include a jurisdictional statement, however, if the complaint otherwise reveals a basis for this court's exercise of subject matter jurisdiction. In his response in opposition to the motion, plaintiff insists that the court has jurisdiction to review the bar from post, apparently contending that such jurisdiction is conferred by the Administrative Procedure Act and its "arbitrary and capricious" and "substantial evidence" standards.  (Doc. # 44).  However, the APA is not a jurisdiction-conferring statute and cannot provide the jurisdictional basis for this action.  Califano v. Sanders, 430 U.S. 99 (1997); Choctaw Mfg. Co., Inc. v. U.S., 761 F.2d 609, 615 (11th Cir. 1985).

Although plaintiff does not rely expressly on the general federal question statute, the court has examined the complaint to determine whether plaintiff has alleged a basis for this court's exercise of jurisdiction pursuant to 28 U.S.C. § 1331.  See Sierra Club v. Martin, 110 F.3d 1551, 1554 n. 11 (11th Cir. 1997)(while APA "does not itself confer jurisdiction to review agency action," § 1331 may provide the jurisdictional authority). It concludes that he has not. "Federal question jurisdiction exists only when the 'well-pleaded complaint *standing alone* establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Baltin v. Alaron Trading Corp., 128 F.3d 1466 (11th Cir. 1997)(quoting Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1997))(emphasis added).

> A court may find a basis for federal question jurisdiction even if a complaint lacks [a Rule 8(a)(1)] jurisdictional statement, so long as the complaint makes 'references to federal law sufficient to permit the court to find § 1331 jurisdiction.' ... However, where a complaint is 'devoid of a single citation to

5

a Constitutional provision, a federal statute, or a recognized theory of common-law as the basis for the allegation that the [plaintiff's] cause of action arises under federal law,' [the Eleventh Circuit] has held that the allegations are insufficient to establish jurisdiction under § 1331.

Scarborough v. Carotex Construction, Inc., 420 Fed. Appx. 870, 873 (11th Cir. 2011)(citation omitted).  In his complaint, plaintiff identifies no federal law that creates his cause of action, and no substantial question of federal law on which his asserted right to relief necessarily depends.  Thus, plaintiff has failed to allege a basis for this court's assertion of subject matter jurisdiction.  The complaint is, accordingly, due to be dismissed for lack of subject matter jurisdiction.[2]

### Sovereign Immunity

Defendants' motion to dismiss is also due to be granted on the basis of their assertion of sovereign immunity.

---

[2]   The court observed in its earlier recommendation pertaining to plaintiff's original complaint that plaintiff "chose[] to make vague and conclusory allegations in his complaint and then to reveal the underlying factual and legal bases for his 'claims' in bits and pieces in later-filed documents." (Doc. # 33, p. 25).  The court further noted that plaintiff may not amend his complaint through argument in opposition to a motion to dismiss. (Id., p. 26). To preclude plaintiff from following that same path on his amended complaint, the court ordered – *inter alia* – that plaintiff's amended complaint "must include, within each Count, the legal basis for the particular claim or, if plaintiff does not know the legal basis, a statement so indicating," and also, that it must include *all* of the claims plaintiff intends to assert in this action. (Doc. # 36, ¶¶ 11, 12).  Although he does not identify them within his second amended complaint, plaintiff – *in his surreply argument* – lists a number of federal statutes and regulations, including the FOIA, federal civil service statutes, US-CERT cybersecurity requirements, an Army regulation governing family advocacy programs, and an Army message pertaining to reporting of Personally Identifiable Information incidents. (See Doc. # 46). He argues that he is "fully prepared to provide evidence that the Defendants failed to follow [these] established rules in this process." (Id., p. 2).  However, plaintiff's attempt to interject these additional legal bases for his APA claim comes too late, as plaintiff failed to comply with the court's direction to include them in his amended complaint.  Additionally, by waiting until his surreply brief to raise these alleged legal bases for his claims, plaintiff deprived the defendants of the opportunity to address them in either their initial motion or their reply brief.

The United States, as a sovereign entity, is immune from suit unless it consents to be sued. United States v. Dalm, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). "[T]he terms of its consent to be sued in any court," as expressed by statute, "define that court's jurisdiction to entertain the suit." Sherwood, 312 U.S. at 586, 61 S.Ct. 767. Accordingly, the terms of the statute or statutes waiving immunity are construed strictly, and courts may only entertain suits that are in full accord with such statutes. See Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957) ("[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." (citing Sherwood, 312 U.S. at 590–91, 61 S.Ct. 767)); accord McMaster v. United States, 177 F.3d 936, 939 (11th Cir.1999).

Christian Coalition of Florida, Inc. v. U.S., 662 F.3d 1182, 1188 (11th Cir. 2011). The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "[T]he APA is a waiver of sovereign immunity in cases to which it applies[.]" Estrada v. Ahrens, 296 F.2d 690, 698 (5th Cir. 1961); see also Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 260-61 (1999)(§ 702 is a waiver of the government's sovereign immunity; its scope is to be strictly construed in favor of the sovereign). The statute applies "except to the extent that – (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Before this court may grant APA review of the decision to bar plaintiff from Fort Rucker, plaintiff "'must first clear the hurdle of § 701(a).'" Forsyth County v. United States Army Corps of Engineers, 633 F.3d 1032, 1041 (11th Cir. 2011)(quoting Heckler v. Chaney, 470 U.S. 821, 828 (1985)); see also Stockman v. Federal Election Commission, 138 F.3d 144, 152 (5th Cir. 1998).

Defendants contend that a military installation commander's decision to exclude an individual from the installation is an action falling within § 701(a)(2) – *i.e.*, that it is committed to agency discretion by law. "Although section 701(a)(2) is a very narrow exception and only applicable in those rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply, review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." Forsyth County, 633 F.3d at 1040-41 (citations and internal quotation marks omitted). "As a procedural statute, the APA does not expand the substantive duties of a federal agency, but merely provides the framework for judicial review of agency action. Accordingly, '[t]here is no right to sue for a violation of the APA in the absence of a "relevant statute" whose violation "forms the legal basis for [the] complaint."'" Sierra Club v. Martin, 110 F.3d 1551, 1554-55 (11th Cir. 1997)(citations omitted); see also Stockman, 138 F.3d at 152 ("The district court erred ... in basing Stockman's claim on section 706 because the provisions of the APA 'do not declare self-actuating substantive rights, but rather, ... merely provide a vehicle for enforcing rights which are declared elsewhere.'")(citation omitted). The plaintiff must identify the substantive federal law that the agency action has transgressed. Preferred Risk Mutual Insurance Co., 86 F.3d 789, 792 (8th Cir. 1996).

In his second amended complaint, as noted above, plaintiff identifies no substantive federal law that he claims to have been violated by the agency's action. He has not demonstrated the existence of law providing a "meaningful standard" against which to judge

8

the military commanders' exercise of discretion. Thus, on its face, plaintiff's second amended complaint fails to establish that the present action falls within the waiver of sovereign immunity granted by the APA; for this additional reason, it is due to be dismissed for lack of jurisdiction.[3]   The court does not, accordingly, reach defendants' alternate Rule 12(b)(6) argument.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendants' motion to dismiss (Doc. # 42) be GRANTED, and that this action be DISMISSED for lack of jurisdiction. In view of plaintiff's inability to identify, in his argument in opposition to the motion, substantive federal law providing a meaningful standard by which to measure the commanders' exercise of discretion, and in view of his failure to comply with the terms of the court's previous order regarding amendment, the undersigned Magistrate Judge further recommends that plaintiff not be allowed an opportunity to file a third amended complaint.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate

---

[3]  The court has examined the authorities identified in plaintiff's surreply brief. None provides a standard by which to measure a military commander's decision to bar an individual from an installation. Thus, even if the court were to allow plaintiff to amend his complaint to cite these authorities, he still would not satisfy his burden of establishing that his claim is within the APA's waiver of sovereign immunity. The court does not here conclude that there exists no substantive law providing a meaningful standard. However, if it exists, plaintiff has failed to identify it as the basis for his APA claim. Plaintiff bore the burden of doing so. Further, no such law is apparent to the court and, even if it were, the court is not to serve as "*de facto* counsel" for the plaintiff and may not rewrite his deficient pleading in order to sustain this action. Rivero, *supra*, 465 Fed. Appx. at 840; see also Virgin Health Corporation v. Virgin Enterprises Limited, 393 Fed. Appx. 623 (11th Cir. 2010)("Since the plaintiff bears the burden of pleading jurisdiction, we will not substitute our own theory for his.")(personal jurisdiction issue).

Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before May 28, 2013. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 13th day of May, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE